UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Quintin M. Littlejohn, )
 )
 ) C/A No. 6:13-0369-JMC-KFM
                Plaintiff, )
 )
vs. ) **Report and Recommendation**
 )
United States of America, )
*with all agents in active concert both individually and* )
*in their official capacity*, )
 )
                Defendant. )
_____

### *Background of this Case*

Plaintiff is under an order of pre-filing review. *See Graham v. Riddle*, 554 F.2d 133, 134–135 (4th Cir. 1977). The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in *Quintin Littlejohn v. William J. Clinton, President of the United States*, Civil Action No. 6:98-1169-13AK. Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to Plaintiff's pleadings for docket control purposes.

Plaintiff was confined in the South Carolina Department of Corrections until May of 2003, when he "maxed out" his sentence for his 1982 conviction for armed robbery entered in the Court of General Sessions for Cherokee County. Plaintiff currently resides in Gaffney, South Carolina.

In the "STATEMENT OF CLAIM" portion of the Complaint, Plaintiff states that he has filed the above-captioned case to challenge actions by the United States with

respect to the conflict in Mali, which is a "landlocked" country in the northwestern portion of the continent of Africa. Plaintiff refers to the recent intervention of French troops with the support of the United States. *See*, *e.g.*, *USA backs French intervention in Mali, has confidence in African force - envoy,* BBC International Reports (Africa) (Feb. 11, 2013), *available on* WESTLAW (2/11/13 WRLDNWSC 09:42:33).

In the Complaint, Plaintiff uses the phrase "K-DLLL" frequently. *See also* Plaintiff's Answer to Court's Special Interrogatory (Entry No. 2) in *Quintin Littlejohn v. Bill Clinton, et al.*, Civil Action No. 6:01-2285-13AK, where Plaintiff, in response to a Special Interrogatory from this Court, explained what the acronym "K-DLLL" meant. The acronym "K-DLLL" stands for "Kosovo Doctrine Littlejohn Litigation Law." In his prayer for relief, Plaintiff specifically seeks an injunction and appears to be seeking also a declaratory judgment and damages.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to 28 U.S.C. § 1915. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely

possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Even if this case is treated as an action under the Federal Tort Claims Act, this case is still subject to summary dismissal. The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA, *see* 28 U.S.C. § 2675 and *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979), and there is no indication in the Complaint that Plaintiff has satisfied the administrative prerequisites for an action under the FTCA. *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").

The above-captioned case is not maintainable as a *Bivens* action against the United States. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983; federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under

color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n. 30 (1982). A *Bivens* action may not be brought against agencies of the United States, such as the Department of State or the Department of Defense. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies).

Insofar as Plaintiff is complaining about the foreign policy of the United States with respect to Mali, this case is subject to summary dismissal under the "political question" doctrine. Under the "political question" doctrine, the United States District Court for the District of South Carolina cannot address Plaintiff's claims relating to an alliance of the United States, its foreign policy toward other nations and international organizations, or matters handled by the United Nations Security Council or the International Court of Justice. *Goldwater v. Carter*, 444 U.S. 996, 1002–06 (1979). The "political question" doctrine discourages judicial interference with certain types of cases involving the other branches of the Government of the United States. *See Baker v. Carr*, 369 U.S. 186, 211 (1962); *Eckert Int'l v. Gov't of the Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 171 (E.D. Va. 1993) (purpose of "political question" doctrine is "to prevent judicial pronouncements that would disrupt this country's foreign relations"), *aff'd*, 32 F.3d 77 (4th Cir. 1994); *Littlejohn v. Coke*, Civil Action No. 7:10-1427-RBH-KFM, 2010 WL 2640266, at *2 (D.S.C. June 8, 2010), *adopted by Littlejohn v. Charles Coke of Kingston, Jamaica*, 2010 WL 2640263 (D.S.C. June 30, 2010), *aff'd*, *Littlejohn v. Coke*, No. 10-1766, 2010 WL 3870715 (4th Cir. Oct. 1, 2010); and *Littlejohn v. Qaddifi*, Civil Action No. 7:10-1122-RBH-WMC, 2010 WL 2104229, at *2 (D.S.C. May 5, 2010), *adopted by* 2010 WL 2026673 (D.S.C. May 20, 2010), *appeal dismissed*, No. 10-1603, 2010 WL 3069823

(4th Cir. Aug. 5, 2010); *cf. Flast v. Cohen*, 392 U.S. 83, 97 (1968) (federal judicial power usually limited to disputes capable of being resolved through judicial process).

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the important Notice on the next page.

February 13, 2013  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).